UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LEVI GARY SPRINGER,
*Petitioner*,

v.                                                                    1:23-cv-1566-MSN-WEF

HAROLD CLARKE, ET AL.,
*Respondent.*

## MEMORANDUM OPINION AND ORDER

Virginia inmate Levi Gary Springer ("Petitioner") has filed a *pro se* pleading, dated November 5, 2023, in which he seeks relief under 28 U.S.C. § 2254. [Dkt. No. 1]. The pleading indicated he would submit an amended petition with his claims at a later date. On November 29, 2023, he submitted an amended petition, dated November 13, 2023, which included a twenty-eight page supporting memorandum with exhibits and alleged four grounds for relief: 1) errors in his sentencing order; 2) the state court clerk's failure to provide and properly certify documents; 3) interference in his criminal case by the Director of the Virginia Department of Corrections ("VDOC"); and 4) VDOC's failure to give him credit for pretrial confinement.[1] [Dkt. Nos. 3, 3-1]. The amended petition states that Petitioner is challenging his August 9, 2005, convictions in the Circuit Court of York County for statutory burglary, two counts of abduction, and one count of unauthorized use of a motor vehicle. [Dkt. No. 3 at 1].

---

[1] The amended petition admits that Petitioner has not exhausted any of his grounds for relief through the Supreme Court of Virginia. [Dkt. No. 3 at 6, 7–8, 13, 18]. *See Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) ("[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court."). Petitioner also filed a "Memorandum of Points and Authorities" on February 15, 2024. [Dkt. No. 11].

In 2010, Petitioner sought federal habeas relief for the same Circuit Court of York County convictions, but his petition was dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). *See Springer v. Ray*, 1:10cv415, 2011 U.S. Dist. LEXIS 168617, at *4-7 (E.D. Va. Apr. 27, 2011), *appeal dismissed*, 448 F. App'x 326 (4th Cir. 2011) (*Springer I*).[2] He filed a successive writ in 2015, which was dismissed without prejudice to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition. *Springer v. Clarke*, No. 1:15cv1275, 2015 U.S. Dist. LEXIS 190072 (E.D. Va. Oct. 19, 2015), *appeal dismissed,* 653 F. App'x 208 (4th Cir. 2016) (*Springer II*).

The dismissal of a § 2254 application as untimely is a decision on the merits, such that any later habeas petition challenging the same conviction is second or successive for purposes of the § 2244(b) requirements. *See Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) (dismissal of a § 2254 petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"); *see, e.g.*, *Ferebee v. Clarke*, No. 1:19cv1483, 2020 U.S. Dist. LEXIS 240815, *5 (E.D. Va. Dec. 21, 2020) (dismissing second federal habeas petition as successive after a previous federal petition was dismissed as time-barred and observing that "federal courts nationwide agree that the dismissal of a habeas petition on time-bar grounds constitutes a dismissal on the merits") (cleaned up) (collecting cases), *appeal dismissed*, 857 F. App'x 132 (4th Cir. 2021).[3] Consequently, Petitioner's second federal habeas petition, *Springer II*, was dismissed as successive.

---

[2] Petitioner first filed a federal habeas petition in 2007, which the Court dismissed without prejudice for failure to exhaust state court remedies. *Springer v. Unknown*, No. 1:07cv1110 (E.D. Va. Feb. 4, 2008).

[3] *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (holding dismissal of "first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements") (citing cases from the Second, Fifth, Seventh, and Ninth Circuits).

Title 28 U.S.C. § 2244(b) compels the same result for the present federal habeas petition because a district court must dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that but for constitutional error, no reasonable fact Finder would have found the applicant guilty of in in lying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244, however, does not lie with the district court. It "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or subsequent petition, "the district court lacks jurisdiction" over a successive petition. *Evans*, 220 F.3d at 325. Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit. This Court therefore lacks jurisdiction to consider this successive petition and the petition will be dismissed without prejudice.

Accordingly, it is hereby

3

ORDERED that this successive petition [Dkt. No. 1] be and is DISMISSED WITHOUT PREJUDICE to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition; and it is further

ORDERED that Petitioner's pending motions for an extension of time and for clarification [Dkt. Nos. 9, 10], are DISMISSED as MOOT.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

February 26, 2024
Alexandria, Virginia